Filed 11/15/13  P. v. Hernandez CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RAMIRO TORREZ HERNANDEZ,<br><br>        Defendant and Appellant. | A138262<br><br>(Del Norte County<br>Super. Ct. No. CRF 13-9051) |

Ramiro Torrez Hernandez (Hernandez) appeals from a judgment of conviction and sentence imposed after he entered a plea of no contest to the charge of possession of methamphetamine (Health & Saf. Code, § 11377).  He contends the minute order of sentence must be stricken to the extent it requires him to pay a presentence report fee, because the court did not include that fee in its oral pronouncement of sentence.  We will direct the trial court to modify the minute order, and we will affirm the judgment in all other respects.

## I.  FACTS AND PROCEDURAL HISTORY

Hernandez was charged with possession of methamphetamine for sale (Health & Saf. Code, § 11378), transportation of methamphetamine (Health & Saf. Code, § 11379), and possession of methamphetamine (Health & Saf. Code, § 11377).

Hernandez entered a plea of no contest to the charge of possession of methamphetamine.  Facts relevant to the charge were recounted in the presentence report and are not at issue here.

At the sentencing hearing in March 2013, the court suspended imposition of sentence and placed Hernandez on probation for three years. The court stated that Hernandez would "pay a fine of $450," stayed a $280 "probation revocation fine," and imposed a monthly supervisory fee of $21 while Hernandez was on probation. The court ordered that the "fine" could be paid in monthly installments of $50.

The minute order memorializes certain fines imposed by the court, including a $280 restitution fine (Pen. Code, § 1202.4) and a $280 probation revocation fine (Pen. Code, § 1202.44), the latter of which was stayed. The minute order also bears the following handwritten notation, corresponding to the court's statement at the sentencing hearing: "Pay $450.00 fine to the Court, total, see attached."

Attached to the minute order is a three-page list of terms and conditions of Hernandez's probation. On the third page, along with other fines and fees totaling $450 (plus the monthly supervision fee), is an indication that a $400 presentence report fee would also have to be paid pursuant to Penal Code section 1203.1b, subdivision (a). This fee was not mentioned by the court at the sentencing hearing. There is no abstract of judgment in the record.

Hernandez filed a notice of appeal later in March 2013. The trial court granted a certificate of probable cause, concerning an issue that is not raised in Hernandez's opening brief.

## II. DISCUSSION

Hernandez contends that the notation requiring payment of the $400 presentence report fee should be stricken from the minute order, because the trial court did not order him to pay that fee when it orally pronounced his sentence. Respondent agrees.

The oral pronouncement of sentence is deemed controlling. (*People v. Scott* (2012) 203 Cal.App.4th 1303, 1324; see *People v. Mitchell* (2001) 26 Cal.4th 181, 185.) To the extent a minute order deviates from the oral pronouncement, the deviation is considered to be clerical error. (*People v. Scott,* at p. 1324.)

The matter shall be remanded to the trial court to correct the minute order to reflect the sentencing court's oral pronouncement of sentence.

## III.  DISPOSITION

The matter is remanded for the trial court to correct the minute order of sentence, dated March 7, 2013, by striking the notation that indicates imposition of a $400 presentence report fee (Pen. Code, § 1203.1b, subd. (a)).  In all other respects, the judgment is affirmed.

_____

NEEDHAM, J.

We concur.

_____

JONES, P. J.

_____

BRUINIERS, J.